J-S73003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                            :           PENNSYLVANIA
                                            :

            v.                           :
                                            :

JOHN HULL                       :
                                          :

            Appellant           :    No. 475 MDA 2019

Appeal from the Judgment of Sentence Entered February 21, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000565-2018

BEFORE:  SHOGAN, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:            **FILED MARCH 10, 2020**

Appellant, John Hull, appeals from the judgment of sentence entered following his conviction of aggravated assault.[1]  We affirm.

In an information filed on March 3, 2018, Appellant was charged with several crimes in relation to his striking David Beavers in the head multiple times with a pool stick.  On January 7, 2019, Appellant pled guilty to aggravated assault in exchange for the Commonwealth dropping the remaining charges.

The trial court explained the subsequent procedural history as follows:

> On February 21, 2019, [Appellant] was sentenced to a minimum term of 40 months to a maximum term of 96 months incarceration at a state correctional institution followed by 24 months of consecutive special probation.  [Appellant] was also ordered to pay restitution.  On March 4, 2019, [Appellant] filed a

---

[1] 18 Pa.C.S. § 2702(a)(4).

Petition for Reconsideration of Sentence through defense counsel William Thompson, Esquire. Before [Appellant's] Petition was decided by this court, Mark Mack, Esquire, entered his appearance for [Appellant] on March 19, 2019, and filed a Notice of Appeal on March 20, 2019. After being ordered to do so, [Appellant] filed a [Pa.R.A.P. 1925(b) statement] on April 14, 2019. The Commonwealth filed a Response on May 6, 2019. [Appellant's] Petition for Reconsideration of Sentence was denied by this court on May 7, 2019.

Trial Court Opinion, 5/21/19, at 1 (footnote omitted). On May 7, 2019, the trial court entered an order denying Appellant's post-sentence motion. Thereafter, the trial court complied with Pa.R.A.P. 1925(a).[2]

Appellant presents the following issue for our review:

1. Did the lower court err in accepting the Appellant's guilty plea that was not voluntarily, knowingly, and intelligently tendered?

_____

[2] We note that the instant appeal was filed prematurely while Appellant's post-sentence motion was pending before the trial court. "No direct appeal may be taken by a defendant while his or her post-sentence motion is pending." Pa.R.Crim.P. 720, cmt. *See Commonwealth v. Claffey*, 80 A.3d 780, 783 (Pa. Super. 2013) (noting that appeal filed while timely post-sentence motions were pending may be premature). The trial court denied Appellant's post-sentence motion after this appeal was filed.

In similar cases, wel have addressed a premature appeal when "the subsequent actions [of the] court fully ripened it." *Commonwealth v. Cooper*, 27 A.3d 994, 1004 (Pa. 2011). *See also Commonwealth v. Little*, 879 A.2d 293, 296 n.6 (Pa. Super. 2005) (permitting premature appeal of petition for reconsideration when order denying petition was entered between filing of notice of appeal and consideration by appellate court); *Commonwealth v. Hamaker*, 541 A.2d 1141, 1142 n.4 (Pa. Super. 1988) (permitting a premature appeal of post-trial motions and citing Pa.R.A.P. 905 ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.")). Accordingly, we consider this appeal to be timely.

Appellant's Brief at 4.

In his sole issue, Appellant argues that his guilty plea should be withdrawn because it was not knowingly, intelligently, and voluntarily entered. Appellant's Brief at 14-28. Appellant asserts that his guilty plea colloquy was insufficient because it did not include the nature of the charge under the plea agreement, the factual basis for the plea, and the permissible consequences or sentence of the offense. *Id*. at 14.

With respect to challenges to the validity of a guilty plea on direct appeal, this Court has stated the following:

> Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea.
>
> Indeed, a defendant routinely waives a plethora of constitutional rights by pleading guilty, including the right to a jury trial by his peers, the right to have the Commonwealth prove his guilt beyond a reasonable doubt, and his right to confront any witnesses against him. Furthermore, a defendant is permitted to waive fundamental constitutional protections in situations involving far less protection of the defendant than that presented herein.
>
> **A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver.** Historically, Pennsylvania courts adhere to this waiver principle because it is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed. *Commonwealth v. Roberts*, 237 Pa. Super. 336, 352 A.2d 140, 141 (1975) (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court

is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

Likewise:

Normally, issues not preserved in the trial court may not be pursued before this Court. Pa.R.A.P. 302(a). For example, a request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal. Similarly, challenges to a court's sentencing discretion must be raised during sentencing or in a post-sentence motion in order for this Court to consider granting allowance of appeal. Moreover, for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court. Thus, even if an appellant did seek to withdraw pleas or to attack the discretionary aspects of sentencing in the trial court, the appellant cannot support those claims in this Court by advancing legal arguments different than the ones that were made when the claims were preserved.

*Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa. Super. 2008), *appeal denied*, 601 Pa. 696, 972 A.2d 521 (2009).

Further, a defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently.

*Commonwealth v. Lincoln*, 72 A.3d 606, 609-610 (Pa. Super. 2013) (some

citations and quotation marks omitted) (emphasis added).

Our review of the certified record reflects that Appellant did not preserve his challenge to the voluntariness of his guilty plea by either objecting during the plea colloquy or filing a timely post-sentence motion seeking to withdraw the guilty plea.[3] Pa.R.Crim.P. 720(B)(1)(a)(i). Accordingly, Appellant waived any challenge to his guilty plea on direct appeal. *Lincoln*, 72 A.3d at 609-610.

Moreover, if we were to ignore the waiver of Appellant's challenge to his guilty plea, we would affirm on the basis of the trial court's opinion addressing the knowing, intelligent, and voluntary nature of Appellant's plea. *See* Trial Court Opinion, 5/21/19, at 2-4.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/10/2020

---

[3] We note that, although Appellant filed a post-sentence motion, his claims therein were limited to requests for reconsideration of his sentence. Post-Sentence Motion, 3/4/19, at 1-3. Appellant did not seek permission to withdraw his guilty plea.

- 5 -